IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SETH DEETMAN,**

    Plaintiff,

Case Number: 8:22-cv-831

v.

**ENVIROSCAPES PROPERTY SPECIALIST, INC.,**

    Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through his undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of his complaint, Plaintiff states as follows:

### Parties

2. Plaintiff, Seth Deetman, is a resident of Pasco County, Florida.

3. Defendant, Enviroscapes Property Specialist, Inc, is a landscaping company located in Pasco County, Florida.

4. Plaintiff was employed by Defendant as a laborer from approximately August 2021, until April 2022.

## Jurisdiction

5. Plaintiff resides in Pasco County, Florida.

6. Defendant conducts business in Pasco County, Florida.

7. Defendant employed Plaintiff in Pasco County, Florida.

8. All events giving rise to this action occurred in Pasco County, Florida.

## Facts

9. Defendant employed Plaintiff as a laborer.

10. Plaintiff was a non-exempt employee paid on an hourly basis.

11. Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

12. Defendant is a landscaping company and provides related services in Pasco County, Florida.

13. During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

14. At all times during Plaintiff's employment, Plaintiff was classified as a non-exempt employee paid on an hourly basis and not subject to any overtime exemptions or exceptions.

15. Defendant owns and operates a landscaping facility in Pasco County, Florida.

16. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Pasco County, Florida.

17. At all times during his employment, Plaintiff was employed by Defendant as a non-exempt employee who was paid an hourly wage.

18. During the entirety of his employment, Plaintiff worked at least 45 hours per week.

19. Plaintiff was not paid overtime wages for all of the hours he worked while employed by Defendant.

20. Plaintiff was not subject to any overtime exemptions.

21. Defendant engaged in an illegal policy of requiring Plaintiff to work 45 or more hours in each workweek of his employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

22. Defendant did not record all of the time worked by Plaintiff during his employment, which is a direct violation of 29 C.F.R. § 516.

23. Defendant failed to pay Plaintiff at one-and-one-half-times his regular rate for all hours worked beyond 40 in a single workweek.

24. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

25. Defendant did not provide Plaintiff with a time clock or any other mechanism that would have allowed Plaintiff to record all hours worked.

26. Instead, at the end of each week, Defendant manually entered the total number of hours Defendant wanted to pay Plaintiff for the week. The hours entered by Defendant did not accurately reflect the total amount of hours worked by Plaintiff each week.

27. Defendant manually adjusted and manipulated Plaintiff's timesheets in order to avoid paying Plaintiff overtime wages.

28. By manually manipulating Plaintiff's timesheets, Defendant engaged in "wage theft" by stealing hours from Plaintiff and causing Plaintiff not to be compensated for all hours worked.

29. The off the clock work performed by Plaintiff on behalf of Defendant was worked in Defendant's facility in full view of Defendant's employees and managers.

30. Plaintiff regularly and habitually worked between 2.5 hours and 5 hours of unpaid overtime per week during the entirety of his employment.

31. Defendant was required to compensate Plaintiff at a rate of at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek.

32. As of this date, Plaintiff still has not been paid premium wages for all hours worked beyond 40 in a single workweek.

33. Plaintiff seeks full compensation, including unpaid premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times his regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

34. Defendant is a not-for-profit corporation that operates and conducts business in, among others, Pasco County Florida, and is therefore, within the jurisdiction of the Court.

35. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved landscaping services and required Plaintiff to regularly communicate with out-of-state vendors and suppliers.

36. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

37. The Court has jurisdiction over Plaintiff's claims as material events transpired in Pasco County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

38. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the landscaping industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

39. At all material times relevant to this action, Plaintiff in his capacity as a laborer, and was individually covered by the FLSA. The very essence of Plaintiff's employment, landscaper who travels along highways and byways, is so closely

related to interstate commerce that Plaintiff's relationship to interstate commerce cannot be separated.

40. Indeed, Plaintiff was regularly required to travel along highways and byways to for purposes of traveling to locations that need service.

41. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

42. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

43. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of his employment.

44. However, Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

45. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-45, above.

47. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

48. Plaintiff was an hourly, non-exempt employee.

49. Plaintiff was entitled to receive one-and-one-half times his regular rate for all hours worked beyond 40 in a single work week.

50. Plaintiff regularly worked beyond 40 hours in a single workweek.

51. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

52. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

53. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

54. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 7th day of April, 2021.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com