IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **SETH DEETMAN,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**ENVIROSCAPES PROPERTY SPECIALIST, INC.,**<br><br>    **Defendant.** | **Case No.: 8:22-cv-831-JSM-AAS** |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND DISMISSAL WITH PREJUDICE
AND INCORPORATED MEMORANDUM OF LAW**

COME NOW Plaintiff Seth Deetman ("Deetman") and Defendant Enviroscapes Property Specialist, Inc. ("Enviroscapes")(collectively the "Parties"), by and through their undersigned counsel, and pursuant to the Court's Order of September 26, 2022 (Doc. 21) and the authorities cited herein, respectfully and jointly move for Court approval of the mutually agreed-upon terms of settlement in this action and for dismissal with prejudice of the instant action, in support thereof stating:

1.  Deetman filed the instant lawsuit on April 7, 2022. (Doc. 1.)

2.  In his Complaint and Demand for Jury Trial, Deetman contends that he worked in excess of forty (40) hours in one or more workweeks

without receiving overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

3. Enviroscapes contends that it did not suffer or permit Deetman to work in excess of forty hours, to the extent that he did so, that Deetman was compensated on a piece-rate basis, and that Deetman was compensated well in excess of the rates required by the FLSA.

4. Thus, Enviroscapes denies liability.

5. However, to avoid the risks and unknowns, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this FLSA-based action with prejudice.

6. After a full review of the facts and information, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of the Settlement Agreement and General Release ("Agreement") submitted herewith, represent a fair, reasonable, and just compromise of the disputed issues.

*WHEREFORE*, the Parties respectfully move this Honorable Court to (i) GRANT this Motion; (ii) APPROVE the settlement of this matter via the Agreement tendered herewith; and (iii) ENTER an Order dismissing this case with prejudice.

## MEMORANDUM OF LAW

There are two ways in which claims for overtime compensation under the FLSA may be compromised or released by an employee. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005).

I. **The Settlement.**

Under the terms of the Agreement, Enviroscapes shall pay $1,500.00 in allegedly unpaid overtime compensation and $250.00 additional as consideration for the general release provision of the Agreement. (Doc. 22-1

¶¶ 3(b), 4(b).) The payment of the unpaid wage/overtime compensation amount is **not** contingent on the general release provision. The general release provision is supported by separate consideration in an amount above and beyond the calculated amount of potential overtime Deetman could recover via his FLSA claim in this litigation.

The Parties worked cooperatively to reach a settlement that is fair and equitable in light of the facts and circumstances in this case, and is does not infringe on Deetman's rights under the FLSA. For example, the Agreement does not require Deetman to agree to confidentiality. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010).

The Agreement also provides that Enviroscapes will pay Deetman's counsel the sum of $4,500.00 in fees and costs. These fees and costs were negotiated separately from the amount payable to Deetman, and the Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Deetman's counsel.

## II. "Bona Fide" Disputes Exist.

*Lynn's Food Stores* permits approval of a compromise resolving a "bona fide dispute over FLSA provisions." *Dees*, 706 F. Supp. at 1241. Parties requesting review of an FLSA settlement must provide enough information to the Court to examine the bona fides of the dispute. *Id.*

The Parties dispute, *inter alia*, whether Deetman worked in excess of forty hours in a workweek during his relatively brief employment; whether any of the work allegedly performed in excess of forty in a workweek was made known to Enviroscapes, such that Enviroscapes "suffered or permitted" Deetman to work those hours; and whether Deetman was compensated in accordance with the FLSA by virtue of having been paid on piece-rate basis. Thus, "bona fide" disputes exist.

### III. All Factors Relevant to the "Fairness" of the Settlement Weigh in Favor of Approval.

Although *Lynn's Food Stores* determined that the settlements at issue in that case were unfair, it did not specify criteria for evaluating the fairness of proposed compromises under different circumstances. *See Dees*, 706 F. Supp. 2d at 1240. This Court has noted that the factors for evaluating the fairness of a class action settlement provide a familiar starting point, including:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

*Id.* at 1241 (citations omitted). Here, all factors weigh in favor of approval of the settlement.

    *a.*    <u>*There is no fraud or collusion behind the settlement.*</u>

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to plaintiffs seemed fair. *See Bonilla v. Shiner's Car Wash*, 2014 U.S. Dist. LEXIS 66297, at * 5 (M.D. Fla. 2014). Here, each of the Parties was independently represented by counsel with substantial experience litigating FLSA claims, who advocated staunchly on their respective client's behalf. There was no fraud or collusion behind the settlement.

    *b.*    <u>*The complexity, expense, and length of future litigation militate in favor of the settlement.*</u>

Litigating, rather than settling this matter, would require both sides to incur significant additional costs and fees. A trial term has not been set. However, as the case has been stayed, with full discovery yet to occur and dispositive motions requiring time for the Court to consider, it is unlikely trial would occur within six months from the date of this Motion. The expenses of depositions, mediator's fees, and significant attorneys' fees would be born by the Parties for an FLSA claim that the Parties agree would result in a comparatively *de minimis* award to Deetman even if he were he successful.

    Both sides would bear some risk if the case proceeds to trial. Deetman would risk recovering nothing, and Enviroscapes would risk the possibility of

an adverse judgment and fee award to Deetman. Simply stated, it is in the best interests of all Parties to settle, rather than litigate, this matter.

    c.    *<u>The stage of the litigation weighs in favor of approval of the settlement.</u>*

While this case has only been pending for approximately six months, the resolution of this case has been achieved early in the litigation process by the Court's design. The Court issued an FLSA Scheduling Order staying the case within weeks of it having been filed, compelling the Parties to exchange information and attempt resolution. (Doc. 15.) As such, the settlement of Deetman's FLSA claim before undue and extensive expenses have been incurred favors approval of the settlement and is consistent with the spirit of the FLSA Scheduling Order.

    d.    *<u>Deetman's probability of success on the merits is uncertain.</u>*

Deetman's probability of success on the merits is not a certainty. Enviroscapes not only denies Deetman's factual allegations of having worked in excess of forty hours in a workweek, it disputes Deetman's application of the law to the disputed facts. While Deetman might ultimately prevail if the case proceeds to trial, it is likewise possible that Enviroscapes will succeed on a summary judgment argument concerning Deetman's compensation on a piece-rate basis, and that Deetman will recover nothing. Given this uncertainty, settlement is in the Parties' best interest.

  e. *<u>The Parties weighed the opinions of counsel in deciding whether to settle.</u>*

The Parties agree they weighed the opinions of their respective counsel in deciding whether to settle and what a reasonable settlement amount would be given their counsel's analysis of the information available to them.

## IV. The Attorney's Fees to be Paid as Part of the Settlement are Fair and Reasonable.

This Court noted in *Dees* that a compromise must award the plaintiff's counsel a reasonable fee. *See Dees*, 706 F. Supp. 2d at 1243. The Court need not, however, scrutinize the amount of a plaintiff's attorneys' fee when it was agreed upon separately and without regard to the amount paid to the plaintiff, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009); *see also Dees*, 706 F. Supp. 2d at 1243 (quoting *Bonetti*). Such is the case here.

The fee to be paid under this settlement to Deetman's counsel, $4,500.00 was negotiated separately from the amount to be paid to Deetman for his FLSA claim. The Parties stipulate this sum is "reasonable" in light of the stage of the proceedings and the work performed to date by Deetman's counsel.

## CONCLUSION

Approval of the settlement of this action via the Agreement reached by and executed by the Parties is warranted. The settlement sum for the FLSA claim fairly balances the amount Deetman could be awarded at trial against the risk that he might recover nothing if the case were summarily dismissed upon a dispositive motion. Additionally, Deetman's counsel will receive a reasonable fee in connection with the settlement. All factors germane to the Court's consideration of the fairness of the settlement weigh in favor of approval.

Respectfully submitted this 11th day of October, 2022.

| | |
|---|---|
| */s/ Kyle James Lee* | */s/ Shaina Thorpe* |
| **KYLE JAMES LEE** | **SHAINA THORPE** |
| Fla. Bar No. 105321 | Fla. Bar No. 55464 |
| | |
| **LEE LAW, PLLC** | **THORPELAW, P.A.** |
| 1971 W. Lumsden Road | 1228 East 7th Ave. |
| Suite 303 | Suite 200 |
| Brandon, Florida 33511 | Tampa, Florida 33605 |
| Tel: (813) 343-2813 | Tel: (813) 400-0229 |
| Fax: (813) 343-2813 | Fax: (813) 944-5223 |
| Primary: kyle@kyleleelaw.com | Primary: shaina@thorpelaw.net |
| Secondary: leeanna@kyleleelaw.com | Secondary: admin@thorpelaw.net |
| | |
| *Counsel for Plaintiff Seth Deetman* | *Counsel for Defendant Enviroscapes Property Specialist, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of October, 2022, I filed a true and correct copy of the foregoing via the CM/ECF system, which will automatically serve a notice of electronic filing on all counsel of record, as follows: Plaintiff's counsel Kyle J. Lee (Kyle@KyleLeeLaw.com) and co-counsel for Defendant Anthony Joseph Fantauzzi, III (afantauzzi@fantauzzilaw.com).

                                                          */s/ Shaina Thorpe*
                                                          Attorney